UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:12CV-00104-JHM

TANIA R. DONAHOO, as the
Personal Representative of the
Estate of BEULAH D. PIRTLE and
JAMES W. PIRTLE, JR.                                                                PLAINTIFFS

VS.

CSX TRANSPORTATION, INC.                                                      DEFENDANT

**ORDER**

A telephonic conference was conducted in this action on August 12, 2013, with the undersigned presiding. Participating in the conference were Mr. Mark E. Parrish, Mr. Joshua A. Sanders and Mr. Matt Middendorf on behalf of Mr. Peter Perlman for the Plaintiffs and Mr. Rodney D. Payne, Mr. Robert L. Massie and Mr. Marc E. Williams for the Defendant. Following discussions between counsel and the Court regarding several discovery issues;

**IT IS HEREBY ORDERED** as follows:

1)     As to the production of the train video of the subject wreck in a viewable manner, pursuant to Fed. R. Civ. P. 34(a)(1)(A), the Defendant is under the obligation to produce the video and the burden is on the Defendant to "translate" electronically stored information into a "reasonably usable form" for viewing and use by the Plaintiffs. Defendant advised that the video is recorded in a specialized format that can only be

viewed using proprietary software of a third-party vendor. As the Defendant elected to store electronic information in this particular format, it is Defendant's obligation to make the video available to the Plaintiffs in a usable form. Following discussion, the undersigned concluded that Defendant should make provision for Plaintiffs' access to the video by either providing Plaintiffs with a laptop computer loaded with the video and the software for viewing the video, to be used by Plaintiffs for that purpose alone and to be returned after completion of the litigation, or that Plaintiffs would procure a license and copy of the software directly from the third-party vendor, and Defendant would reimburse Plaintiffs for the cost of the license. The software thus procured would be used by Plaintiffs for the sole purpose of viewing the video associated with this case.

2) As to the production of the Event Recorder Data and the software necessary to analyze the data, the Defendant bears the burden of providing Plaintiffs with the data in a readable format. The same procedure as set forth in the preceding paragraph will apply.

3) As to the production of Defendant's Rule 26 Initial Disclosure documents page numbers 000001 to 001457, Defendant will re-send the documents to counsel for Plaintiffs.

4) As to the Plaintiffs' request for additional time to disclose expert witnesses, the Scheduling Order is amended as follows:

    A. **No later than October 9, 2013**, counsel for the Plaintiffs shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert

witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

    B. **No later than November 8, 2013**, counsel for the Defendant shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

    C. **No later than December 9, 2013**, the parties shall complete all pretrial discovery of any kind, including discovery depositions of all expert witnesses.

    D. **No later than January 9, 2014**, counsel for the parties shall file all dispositive motions. This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (<u>Daubert</u> motions).

    E. The telephonic status conference currently scheduled for **November 15, 2013**, is **REMANDED** from the Court's docket and is **RESCHEDULED** to be conducted on **December 17, 2013, at 9:00 a.m., CST.** The call will be initiated by the Court.

  ENTERED this

Copies to: Counsel of Record

0/30

3